**Wayne W. COBLENTZ, d/b/a Coblentz & Sons Livestock, Petitioner,**

**v.**

**UNITED STATES DEPARTMENT OF AGRICULTURE, Respondent.**

No. 02–3806.

United States Court of Appeals, Sixth Circuit.

Dec. 18, 2003.

Bruce H. Wilson, Akron, OH, for Petitioner.

M. Bradley Flynn, U.S. Department of Agriculture, Office of the General Counsel, Washington, DC, for Respondent.

BEFORE: MARTIN and SUTTON, Circuit Judges; and MILLS, District Judge.*

## OPINION

MILLS, District Judge.

### I.

Mr. Wayne Coblentz is a dealer who buys and sells livestock for others on a commission basis. Coblentz, like other livestock dealers, is required to be registered under the Packers and Stockyards Act ("Act"). Section 312(a) of the Act prohibits any dealer from engaging in any unfair or deceptive practice in connection with the buying or selling of livestock. 7 U.S.C. § 213(a). Under the Act. a dealer must pay the full purchase price for livestock no later than one business day following the date of purchase. 7 U.S.C. § 228b(a). Any delay or attempt to delay the collection of payment for a livestock

* Honorable Richard Mills, United States District Judge for the Central District of Illinois, sitting by designation.

purchase is an unfair practice in violation of the Act. 7 U.S.C. § 228b(c).

On September 6, 2001, the Deputy Administrator of the Packers and Stockyards Programs, Grain Inspection and Packers and Stockyards Administration, United States Department of Agriculture ("Respondent"), filed a Complaint against Coblentz. The Complaint alleged that on several dates in 1999 and 2000, Coblentz purchased livestock from various entities and failed to timely pay for several of these purchases and attempted to pay for others with checks returned by the bank due to insufficient funds. The Complaint alleged Coblentz's actions constituted willful violations of sections 312(a) and 409 of the Act. 7 U.S.C. §§ 213(a), 228b.

On October 2, 2001, Coblentz was served with the Complaint along with the Rules of Practice Governing Adjudicatory Administrative Proceedings Instituted by the Secretary Under Various Statutes ("Rules of Practice") and a service letter from the Clerk. The Rules of Practice stated, "Within 20 days after the service of the complaint" an answer shall be filed with the Hearing Clerk. 7 C.F.R. § 1.136(a). "Failure to file an answer ... shall be deemed, for purposes of the proceeding, an admission of the allegations in the Complaint." 7 C.F.R. § 1.136(c). The Clerk's letter reiterated, "Most importantly, you have *20 days from the receipt of this letter to file with the Hearing Clerk an original and three copies of your written and signed answer to the Complaint*" (emphasis in original). "Failure to file ... shall constitute an admission of those allegations and a waiver of your right to an oral hearing." Coblentz did not file an answer.

On October 24, 2001, the Hearing Clerk sent a letter to Coblentz advising him that an answer had not been filed within the time required by the Rules of Practice. On March 18, 2002, the Respondent filed a Motion for Default. On March 23, 2002, the Hearing Clerk served Coblentz with the Motion for Default, a Proposed Decision, and the Hearing Clerk's service letter. The letter stated, "In accordance with applicable rules of practice, [you] will have 20 days from the receipt of this letter in which to file with this office an original and four copies of your objections to the Proposed Decision." Coblentz did not file objections.

On April 12, 2002, the Administrative Law Judge ("ALJ") issued a Decision Without Hearing By Reason of Default finding Coblentz had willfully violated sections 312(a) and 409 of the Act, ordering Coblentz to cease and desist from further violations and suspending Coblentz as a registrant under the Act for a period of five years provided:

> that upon application to the Packers and Stockyards Programs a supplemental order may be issued terminating the suspension of [Coblentz] as a registrant under the Packers and Stockyards Act at any time after 150 days upon demonstration by [Coblentz] that the livestock sellers identified in the Complaint have been paid in full.

*In re Coblentz*, No. D–01–0013 (U.S.D.A. Apr. 12, 2002) (ALJ decision). On May 10, 2002, Coblentz appealed and requested the Judicial Officer ("JO") to vacate the ALJ's default judgment. On May 30, 2002, the Judicial Officer issued a Decision and Order affirming the ALJ's decision. Coblentz appeals the JO's decision. Coblentz's suspension as a registrant under the Act was stayed pending the outcome of this appeal.

## II.

We apply the "abuse of discretion" standard of review to an administrative decision finding no "good cause" for accepting an untimely answer to a complaint. *Fa-*

*ther & Sons Lumber and Bldg. Supplies. Inc. v. N.L.R.B.*, 931 F.2d 1093, 1095 (6th Cir.1991). A default judgment will be affirmed unless the agency's "construction of the good cause standard is so arbitrary as to defeat justice." *Id.* at 1096.

Section 228 of Title 7 authorizes the Secretary to "make such rules, regulations, and orders as may be necessary to carry out the provisions of this [Act]." The Rules of Practice provide that an answer must be filed within twenty days of service of the complaint. 7 C.F.R. § 1.136(a). Failure to file an answer within twenty days is deemed an admission of the complaint's allegations, 7 C.F.R. § 1.136(c), and a waiver of a hearing, 7 C.F.R. § 1.139. Section 1.139 permits filing of objections to a motion for default judgment. If the judge finds the objections meritorious, the motion for default judgment "shall be denied with supporting reasons." 7 C.F.R. § 1.139. "If meritorious objections are not filed, the Judge shall issue a decision without further procedure or hearing." *Id.*

Despite the repeated admonitions Coblentz received via the Rules of Practice and the Hearing Clerk's letter, Coblentz failed to file an answer within twenty days. In March 2002, Respondent filed a Motion for Default. Again, despite the warning in the Rules of Practice and the Hearing Clerk's letter, Coblentz failed to file objections within twenty days. As a result, default judgment was entered. Finally, on May 10, 2002, Coblentz formally entered the case when he filed an Appeal Petition requesting the Judicial Officer vacate the default judgment for, essentially, "good cause."

Although an explicit "good cause" provision is absent from the Rules of Practice, default judgments have been vacated for good cause or when the motion to vacate was unopposed. *See In re Dale Goodale,* 60 Agric. Dec. 670 (Dec. 11, 2001) (vacat-

ing judgment when administrative law judge adopted inconsistent findings on a dispositive fact); *In re Deora Sewnanan,* 60 Agric. Dec. 688 (Nov. 9, 2001) (vacating when no evidence the complaint was served); *In re H. Schnell & Co.,* 57 Agric. Dec. 1722 (1998) (vacating default when ALJ incorrectly characterized statements as admissions); *In re Arizona Livestock Auction, Inc.,* 55 Agric. Dec. 1121 (1996) (vacating default when the facts alleged in complaint were insufficient to find violation of Act); *In re Veg–Pro Distribs.,* 42 Agric. Dec. 273 (1983) (vacating default when the complaint was returned as undeliverable); *see also In re Vaughn Gallop,* 40 Agric. Dec. 217 (1981) (remanded for determination of whether just cause existed for permitting late answer).

In his appeal brief to the JO, Coblentz explained why he did not file a timely answer to the Complaint.

Upon information and belief that he could remedy the situation and avoid an adverse decision, Coblentz wrote Attorney Spicknall [counsel for the respondent] to inform him that all of Coblentz's debts had been paid in full except the debt of The Kidron Auction, Inc. . . . . Moreover, Coblentz informed Attorney Spicknall that an agreement was reached between Coblentz and The Kidron Auction, Inc. regarding payment of his debt. Discussions with Attorney Spicknall continued until mid February 2002. . . . Coblentz's failure to respond to the Complaint was an honest mistake, in that he truthfully believed his communications with Attorney Spicknall, in addition to his orderly payment of all of his debts and his agreement with The Kidron Auction, Inc., would remedy the present matter. In essence, Coblentz believed that if all parties were paid in full, the USDA Complaint against him would be withdrawn.

Coblentz's Appeal Brief (May 10, 2002). Coblentz also argued that his agreement with The Kidron Auction. Inc. satisfied 7 U.S.C. § 228b(b). Section 228b(b) allows parties to expressly agree in writing, prior to the purchase, to effect payment in a manner other than that required in 228b(a). 7 U.S.C. § 228b(b).

The JO rejected Coblentz's arguments. First, Coblentz's payments to the other livestock sellers did not alter the fact that the payments were late and in violation of 7 U.S.C. § 228b(a). Second, the agreement between The Kidron Auction and Coblentz did not satisfy 228b(b) because it was not entered into prior to the purchases. Third, the JO concluded Coblentz's "honest mistake" was unreasonable in light of the directives to respond issued in the Complaint, the Rules of Practice, and the Hearing Clerk's letters.

We review the JO's decision for abuse of discretion and will not substitute its judgment with ours. The JO considered Coblentz's request to vacate the default judgment and his accompanying arguments. After addressing each argument in turn, the JO concluded Coblentz failed to present good cause to vacate. Coblentz argues the Secretary has not developed a standard by which to determine when good cause exists to set aside a default judgment. Respondent asserts the good cause standard is simply a fact specific, case-by-case analysis. We agree with Respondent. Simply because it is justifiably difficult to obtain relief from default, does not mean a standard for good cause does not exist. The JO concluded Coblentz's proffered reasons fell short of excusing his torpid response to the Complaint. We find no fault with the JO's decision.

Although we cannot provide the outcome Coblentz is seeking, he is not without options. If Coblentz simply repays the debts referenced in the Complaint, he could be back in business in just 150 days. For his sake, the Court hopes Coblentz has made good use of the last two years and can readily satisfy the conditions of the sanction. If so, Coblentz may return to his livelihood in the not too distant future.

AFFIRMED.